## In re Goldbacher

Before Davis, P. J., Stern, P. J., and Parry, Brown, Jr., and Alessandroni, JJ.

*Joseph J. Brown*, for Committee of Censors.

*Harry Goldbacher*, p. p.

PER CURIAM, June 13, 1934.—This is a petition presented by the Committee of Censors of the Philadelphia Bar Association to show cause why the respondent, Harry Goldbacher, should not be disciplined or disbarred under Rule 215 of the rules of court.

It appears from the petition and record that on September 12, 1933, and October 7, 1933, the Committee of Censors received complaints against the respondent:

(*a*) On or about January 28, 1932, respondent collected $671.82 on behalf of his client, Mrs. Josephine Sambor. This amount was deposited by the respondent in his personal account in Corn Exchange National Bank. Of the aforesaid $671.82, Mrs. Sambor was entitled to receive the sum of $228.

(*b*) Respondent failed to notify Mrs. Sambor that he had collected the aforesaid amount, and in May 1932 falsely stated to Mrs. Sambor that he had been unable to cash the check given to him in payment thereof.

(*c*) From May 1932 until July 9, 1932, Mrs. Sambor made efforts to induce the respondent to pay the balance due to her. Her efforts resulted in payments at intervals, ranging from $5 to $20 until July 9, 1932, when a final payment of $55 was made. Several of the payments above referred to were made by checks which Mrs. Sambor was unable to cash because of insufficient funds.

(*d*) During the said period, the respondent improperly used for his own purposes the money which he had collected from Mrs. Sambor and which, according to his own admissions, she was entitled to receive.

It further appears that on or about September 27, 1933, the respondent collected $575 on behalf of complainants, the amount being represented by two drafts for $375 and $200, respectively, which were deposited by respondent in his personal checking account in Corn Exchange National Bank & Trust Company. Respondent's clients were entitled to receive $287.50 of the above amount.

On October 4, 1933, respondent paid to complainants the sum of $150 on account. The complainants filed a complaint with the law association, setting forth their failure to collect the balance due from respondent. On November 17, 1933, respondent delivered to complainants a check as of that date, on Corn Exchange National Bank, in the sum of $137.50. This check was returned for "not sufficient funds". A warrant of arrest was thereupon issued against the respondent. Subsequently, the respondent paid to the complainants the sum of $137.50.

The amount of money above referred to was collected by the respondent on behalf of his clients and to it they were entitled. It was improperly used by him for his own purposes.

The respondent filed an answer. The matter was heard and duly considered by the Committee of Censors of the bar association, and subsequently

was heard by the judges representing the five courts of common pleas, at which time the respondent appeared at the bar of the court to make an explanation of his conduct. All the facts above referred to are set forth more specifically in the testimony taken before the Committee of Censors, and are filed as part of the record in the cause. After careful consideration of the testimony, the answer of the respondent, and his personal explanation at the bar of the court, the court is of the opinion that the respondent has violated his oath of office as a member of the bar.

It may be noted that from 1930 to 1934 there were ten complaints filed with the bar association against the respondent. In justice to the respondent, we note that several of these complaints were not sustained by sufficient testimony and that no unprofessional conduct was shown. Several of the cases were settled before they came to a hearing.

The court is further of the opinion that, under the evidence presented, the respondent should be disbarred.

### Decree

And now, June 13, 1934, upon consideration of the rule taken by the Committee of Censors of the Bar Association of the County of Philadelphia, it is ordered that the rule be made absolute, and the said Harry Goldbacher be and is hereby disbarred from practicing at the bar of this court, and that his name be stricken from the roll of attorneys.

Notice of this order to be given by the prothonotary to the Supreme and Superior Courts of Pennsylvania, the several Courts of Common Pleas, the Orphans' Court, and the Municipal Court of the City and County of Philadelphia.